Filed 2/29/16  P. v. Contreras CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>VALERIE ELEINE CONTRERAS,<br><br>    Defendant and Respondent. | B266017<br><br>(Los Angeles County<br>Super. Ct. No. BA426801) |

Appeal from an order of the Superior Court of Los Angeles County.  Douglas W. Sortino, Judge.  Affirmed.

Jackie Lacey, District Attorney, Phyllis C. Asayama, Roberta Schwartz, and Ruth M. Low, Deputy District Attorneys, for Plaintiff and Appellant.

Law Offices of Alex R. Kessel, Alex R. Kessel, and Ivy Kessel for Defendant and Respondent.

_____

An information charged Valerie Eleine Contreras with possession for sale of a controlled substance, methamphetamine, which an officer discovered while searching the trunk of her car based on his suspicion that he smelled PCP. Contreras argued below that the search, which resulted in the discovery of the methamphetamine, should have been discontinued once the officer discovered an innocent source of the odor, because at that point he no longer had probable cause to believe contraband might be found. The magistrate judge denied Contreras's suppression motion. Contreras raised the issue again before the superior court, which agreed with her, and dismissed the case. The state appealed. We agree with the superior court and affirm the dismissal.

## FACTS AND PROCEEDINGS BELOW

On July 2, 2014 at approximately 4:30 p.m., Detective Albert Rodriguez initiated a traffic stop after observing Valerie Contreras driving a vehicle with tinted windows in violation of Vehicle Code section 26708, subdivision (a)(1). When Rodriguez approached Contreras's vehicle, he smelled a strong chemical odor, which "smelled a bit like PCP." Rodriguez had been an officer for 32 years and had specialized training and experience in narcotics recognition, packaging and transportation.

Rodriguez questioned Contreras about the odor, and Contreras explained that she had recently cleaned the interior of the car with chemicals, which were the source of the odor. Contreras was alone, did not appear to be under the influence of any substance, and, looking through the car window, he did not see any contraband inside the car. Rodriguez then asked Contreras to exit the vehicle so he could search it to "try to find the source of the smell." Rodriguez first searched the inside of the vehicle and found no contraband. Detecting that the odor was "stronger" near the rear of the car, Rodriguez opened the trunk to search it. Inside the trunk, he saw "rags that had a strong chemical odor . . . similar to what [he] smelled outside the car." Rodriguez then continued to "inventory the entire trunk" because he did not want to assume that the rags with the chemical odor were the "actual source" or the only source of the smell. During his continued search, Rodriguez found an individual portion-sized "Cheerios" cereal box with the top torn open. He picked up the cereal box and saw a clear plastic bag inside.

2

Rodriguez then removed the plastic bag, which contained "a large shard, a solid piece, of what appeared to be methamphetamine."

The parties stipulated for the purpose of the preliminary hearing that, based on laboratory analysis, the "large shard" contained 13.5251 grams of methamphetamine. Rodriguez opined that Contreras possessed the methamphetamine for sale because the shard was too large for personal use. Aside from the size of the shard, he saw no other "indicia [of] sales."

On July 2, 2014, the district attorney charged Contreras with possession for sale of a controlled substance, methamphetamine, in violation of Health & Safety Code section 11378. Prior to the preliminary hearing, Contreras filed a motion to suppress pursuant to Penal Code section 1528.5. On March 17, 2015, the preliminary hearing and suppression motion were heard together. The magistrate denied Contreras's motion to suppress, held Contreras to answer on the charge and ordered her to appear for arraignment on April 1, 2015. At the arraignment, Contreras entered a not guilty plea. On June 16, 2015, the trial court heard, and granted, Contreras's motion to suppress the evidence of methamphetamine on the ground that the officer should have discontinued the search of the trunk once he found an innocent explanation for the suspicious odor. Accordingly, the trial court dismissed the charges, and the state filed this appeal.

## DISCUSSION

The Fourth Amendment to the United States Constitution permits the police to conduct a warrantless search of an automobile, and the containers within it, when police have probable cause to believe contraband or evidence of a crime is contained in the vehicle. (*California v. Acevedo* (1991) 500 U.S. 565, 580.) The touchstone, therefore, in determining the legality of a warrantless search of an automobile is probable cause. Probable cause to search is "a fair probability that contraband or evidence of a crime will be found in a particular place" (*Illinois v. Gates* (1983) 462 U.S. 213, 238) and is said to exist "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found."

3

(*Ornelas v. United States* (1996) 517 U.S. 690, 696.)   It must be viewed through the lens of an officer's experience and expertise.  (*Id.* at p. 699.)

Here, the parties concede, and we agree, on three key points:  (1) Rodriguez lawfully stopped Contreras for a vehicle code violation; (2) as an experienced narcotics detective, the chemical odor Rodriguez smelled emanating from Contreras's car, which he associated with PCP, gave rise to probable cause lawfully to search the inside of Contreras's automobile; and (3) failing to find the source of the smell inside the automobile, and believing that the odor was stronger toward the rear of the vehicle, Rodriguez had probable cause to search the trunk.

The sole issue on appeal, on which the parties disagree, is whether Rodriguez had the requisite probable cause to continue his search of the trunk *after* finding the rags, which emitted the odor on which Rodriguez based his probable cause to search the trunk.[1]

The People argue that "[w]hen an officer has probable cause to search an automobile, the entire vehicle, including the trunk and closed containers therein, may be searched without a warrant."  This framing of the issue, however, fails to consider the possibility of diminishing cause in the course of a search when reasonable cause no longer exists and the search must cease.  The proper inquiry, thus, is not whether Rodriguez had probable cause at the inception of the search, or at some point during the search, but whether he had probable cause to continue searching the trunk of the car after he found the rags, which contained the suspicious odor, but provided an innocent explanation for the smell.

The People argue that the rags were just "one possible source" of the odor, and Rodriguez could continue his search of the trunk because there "could be additional narcotics hidden."  We agree that it was "possible" that the odor could have been emitting

---

[1]     Rodriguez testified that, prior to stopping Contreras based on the Vehicle Code violation, he was asked by another officer to assist in investigating Contreras.  He also testified, however, that his prior knowledge of Contreras was not the reason he stopped her, and the probable cause he had to search her car was *solely based* on his detection of a chemical odor.

4

from another source, one containing contraband, with a similar odor,[2] but given all the circumstances it was not "probable." That is, the known facts and circumstances were not sufficient to warrant a person of reasonable prudence to believe that contraband or evidence of a crime would be found." (*Ornelas v. United States* (1996) 517 U.S. 690, 696.)

Rodriguez smelled a chemical odor. Contreras explained the odor came from cleaning products she used on her car. Rodriguez testified that nothing in Contreras's behavior was suspicious. He found no evidence of drugs or criminality during his search of the cab of the vehicle. Upon opening the trunk, he immediately saw cleaning materials, which he confirmed emitted the "chemical odor," which he testified was the *sole* source of his suspicion. The cleaning rags also comported with Contreras's innocent explanation for the odor. Rodriguez did not claim, nor is there any evidence, that anything after he identified the source of the smell confirmed or aroused his suspicions. In our view, having found that the source of the odor and all other circumstances supported innocence, the officer now had no more than "possible" cause to believe he might find contraband. But a possibility is not enough: There must be "probable" cause.

The People point to a number of cases in support of their proposition that probable cause to initiate a search based on odor supports a search of the entire vehicle. We agree that the cases cited by the People were correctly decided. They, however, are inapposite to our case because they all involve situations in which additional facts and circumstances developed in the course of a vehicle search to *support and strengthen* the initial probable cause. (See, e.g., *People v. Cook* (1975) 13 Cal.3d 663, 668 [probable cause to search trunk where officer smelled marijuana, observed marijuana debris in the backseat of the car, found a smoking pipe and marijuana seeds on the floor of the front passenger seat and the driver refused to provide the key to the trunk and became "very upset" when the officer indicated he would search the trunk]; *People v. Strasburg* (2007) 148 Cal.App.4th 1052, 1059 [probable cause to search when officer smelled marijuana,

---

[2] The officer testified that the rags had an ether-like smell similar to the PCP he suspected.

5

defendant admitted to smoking marijuana and handed officer a bag of marijuana and the officer saw an additional bag of marijuana in the passenger area of the car].)

Here, we have the opposite situation. As the search continued the officer had less cause to believe that contraband would be found in the car. The sole basis of the probable cause was a "chemical odor" akin to the odor of PCP, and, during the course of the warrantless search, the officer discovered a legal, "innocent" source of the odor. Without additional facts or circumstances, the officer no longer had probable cause to suspect that contraband would be found. Accordingly, the trial court properly granted Contreras's motion to dismiss.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



LUI, J.

6